IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 21-CR-30166-DWD |
| | ) |
| TIMOTHY W. BAUGH, | ) |
| | ) |
|        **Defendant.** | ) |

## MEMORANDUM and ORDER:

**DUGAN, District Judge:**

Before the Court is Defendant Timothy W. Baugh's Motion for Rehearing on Pretrial Detention (Doc. 109). The Government filed a response (Doc. 118), and the Court heard oral argument on August 29, 2022. Upon review of the record and consideration of counsel's arguments, the Court **DENIES** the motion.

## Procedural History

Baugh was initially charged by criminal complaint on October 8, 2021. The complaint charges the defendant in Count 1 with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances: Methamphetamine and Cocaine, 21 U.S.C. § 846; in Count 2 with Distribution of a Controlled Substance: Methamphetamine, 21 U.S.C. § 841; in Count 3 with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 21 U.S.C. § 924; in Count 4 with Possession with Intent to Distribute a Controlled Substance: Methamphetamine, 21 U.S.C. § 841; in Count 5 with Possession with Intent to Distribute a Controlled Substance: Cocaine, 21 U.S.C. § 841; and in Count

6 with Felon in Possession of a Firearm, 21 U.S.C. § 922.

On October 18, 2021, Baugh appeared, represented by counsel, for a detention hearing before Magistrate Judge Gilbert C. Sison. On October 28, 2021, Judge Sison ordered Baugh released. Accordingly, Baugh was released on a $5000 appearance bond and location monitoring as ordered by Magistrate Judge Sison.

The same day, the United States filed a Motion for Revocation of Release Order (Doc. 37) and a Motion for Stay of Release Order (Doc. 38). On November 2, 2021, Baugh was indicted on the same charges listed in the Complaint and a previously requested Arrest Warrant was issued.

On November 3, 2021, the undersigned granted the Government's request to stay the release order, ordering Baugh to remain in the custody of the United States Marshals Service pending *de novo* review of the issue of detention. The Government's motion was heard by the undersigned on November 9, 2021. The undersigned reviewed Magistrate Judge Sison's detention order pursuant to 18 U.S.C. § 3145(b) and granted the motion to revoke (Doc. 55).

On July 12, 2022, Baugh, through retained counsel, filed the instant motion to reconsider the undersigned's order of detention (Doc. 109), and the Government filed a response in opposition (Doc. 118). The Court heard argument from counsel on August 29, 2022.

## Discussion

On a reconsideration motion under 18 U.S.C. § 3142(f), a defendant is required to establish that (1) information exists that was not known to him at the time of the initial

detention hearing, and (2) such information has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance in court as required.

Baugh's motion argues that (1) he committed no violations during his short time on pretrial release; (2) due to his incarceration, his family is "financially destitute;" and (3) he believes he can quickly secure work as a union laborer if granted pretrial release. At the hearing, Baugh's counsel discussed the difficulties his family is currently experiencing and argued that, if he was at home on house arrest, he could support his family financially, assist with childcare, and assist with much needed home repairs.

The Government contends that Baugh has not provided any new information that warrants reconsideration of his detention under 18 U.S.C. 3142(f). Additionally, the Government contends that Baugh is a danger to the community. In so arguing, the Government reviewed Baugh's conduct in this case and leading up to his arrest in this case. That alleged conduct includes distributing significant amounts of methamphetamine, selling illegal drugs to confidential informants within days of being released following an unrelated arrest, and keeping firearms and illegal drugs in his home where minor children were present.

The key inquiry for the Court at this juncture is whether Baugh's current motion offers material information, not previously known to him at the time of his detention hearing or the reconsideration hearing, which would reasonably assure his appearance as required. 18 U.S.C. § 3142(f). Having reviewed the evidence presented on the issue of release, the Court finds that he has not. Baugh previously presented information

regarding his alleged legitimate employment and his involvement with his family. Baugh's ability to maintain employment and his involvement with his children are positive attributes. These factors, however, are not new information – Baugh previously presented information regarding his alleged legitimate employment and his involvement with his family. The only information that is arguably new are the financial and personal difficulties his fiancé and children have been experiencing following his detention. Although the Court empathizes with the hardships Baugh's fiancé and children are experiencing, this information does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance in court as required and the safety of the community. Nor has defense counsel attempted, other than recommending location monitoring, to suggest conditions that would meet this standard.

In short, Baugh has not identified any material information that was not previously known to him. As such, reconsideration of his detention is not warranted, and Baugh's Motion to Reconsider the Order of Detention is **DENIED**.

**SO ORDERED.**

Dated: August 30, 2022

DAVID W. DUGAN
United States District Judge

4